The document below is hereby signed.

Signed: September 14, 2020



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZENOBIA DENELLE WILSON, | ) | Case No. 19-00504 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| ZENOBIA DENELLE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10026 |
| US BANK, NA SUCCESSOR | ) | |
| TRUSTEE TO LASALLE BANK | ) | |
| NATIONAL ASSOCIATION, ON | ) | |
| BEHALF OF THE HOLDERS OF | ) | |
| BEAR STEARNS ASSET BACKED | ) | |
| SECURITIES I TRUST 2007-HE3, | ) | |
| ASSET-BACKED CERTIFICATES | ) | Not for publication in |
| SERIES 2007-HE3, | ) | West's Bankruptcy Reporter. |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION RE MOTION TO DISMISS

The complaint against the defendant, U.S. Bank, N.A. (as

trustee of a trust), seeks to avoid alleged transfers to U.S.

Bank as preferences under 11 U.S.C. § 547, to recover the alleged

preferential transfers under 11 U.S.C. § 550, and upon entry of

such a judgment, to  disallow any claim of U.S. Bank under 11

U.S.C. § 502(d) unless U.S. Bank disgorges the allegedly

preferential transfers.  The complaint also seeks to revisit

issues pertinent to a completed foreclosure sale action in the

Superior Court of the District of Columbia.  The complaint must

be dismissed.

I

The plaintiff, Zenobia Denelle Wilson, commenced this

adversary proceeding as a debtor in a case under Chapter 13 of

the Bankruptcy Code (11 U.S.C.) in which a standing trustee

appointed under 28 U.S.C. § 586(b) acted as the trustee in the

case.  The case was later converted to a case under Chapter 7 of

the Bankruptcy Code, and a Chapter 7 trustee was appointed.  The

complaint points to the powers of a trustee under 11 U.S.C. § 547

to avoid a preferential transfer and under 11 U.S.C. § 550 to

recover such a transfer.  Having failed to plead facts

establishing any basis under the Bankruptcy Code for Wilson to

invoke the power of a trustee under § 547 to avoid a preferential

transfer, the complaint failed to establish that Wilson had

standing in the Chapter 13 case to pursue avoidance of any

transfers as a preference.  *See Dawson v. Thomas (In re Dawson)*,

411 B.R. 1, 24 (Bankr. D.D.C. 2008).  The same holds true in the

Chapter 7 case.[1]

II

Even if Wilson had pled facts establishing standing to seek to avoid a preference, Wilson has failed to plead facts establishing a preference.  To state a claim upon which relief may be granted, a complaint must allege non-conclusory facts, not just "a formulaic recitation of the elements of a cause of action," showing that a claim exists.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Whether an avoidable preference exists is controlled by 11 U.S.C. § 547(b), which provides:

> Except as provided in subsection (c), the trustee may avoid any transfer of an interest of the debtor in property—
>
>> (1) to or for the benefit of the creditor;
>>
>> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>>
>> (3) made while the debtor was insolvent;
>>
>> (4) made—

---

[1] Under 11 U.S.C. § 323, the Chapter 7 trustee is the representative of the estate in a Chapter 7 case, and has the capacity to sue.  The Chapter 7 trustee is empowered under 11 U.S.C. §§ 547 and 550 to avoid any preferential transfer and to recover the transfer for the benefit of the estate.  The trustee's time under 11 U.S.C. § 546(a) to pursue avoidance of any preference and to make a recovery for the benefit of the estate has not expired.  The trustee has not yet seen fit to pursue any preference claim.

3

      (A) on or within 90 days before the date of the filing of the petition; or

      (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

   (5) that enables the creditor to receive more than such creditor would receive if—

      (A) the case were a case under chapter 7 of this title;

      (B) the transfer had not been made; and

      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

To state a claim upon which relief can be granted regarding a payment constituting an alleged preference, Wilson was required to identify a payment constituting a transfer on account of an antecedent debt,[2] the antecedent debt paid, the date of the payment,[3] the amount of the payment,[4] and facts demonstrating that the transfer enabled U.S. Bank to receive more than it would receive in a Chapter 7 case had the transfer not occurred.  *See OHC Liquidation Trust v. Credit Suisse First Boston (In re*

---

   [2]  Under § 547(b)(2), a transfer is avoidable only if it is on account of an antecedent debt.

   [3]  Under § 547(b)(4), a transfer is avoidable only if it occurred within 90 days before the filing of the petition in the case of a non-insider transferee or within one year before the filing of the petition in the case of an insider transferee.

   [4]  Under § 547(b)(8) and (9), a payment under a specified dollar is not avoidable as a preference.

*Oakwood Homes Corp.)*, 340 B.R. 510, 521-522 (Bankr. D. Del. 2006).

The complaint alleges that "[t]he Debtor made one or more payments to the Defendant in the amount of $[468,656.50] pro rata accounting in the manner and amounts set forth in Exhibit 3 attached hereto." Compl. ¶ 9. However, the complaint's exhibits contain no specification of the date or amount of any payment, merely stating in Exhibit 3 ("Payments made to date"): "The amount of payments made to date based on pro rata accounting is $468,656.50." Dkt. No. 1-1 at 258-59 of 261. The complaint thus fails to state a claim upon which relief can be granted. Dismissal is required.

To elaborate, the complaint does not allege any facts establishing that U.S. Bank was an insider such as to make § 547(b)(4)(B) applicable, and, accordingly, under § 547(b)(4)(A), no preference would exist as to any transfer that occurred more than 90 days before Wilson filed the voluntary petition commencing the bankruptcy case. Wilson has not identified any transfer occurring within 90 days before the date of the filing of the petition.

Indeed, all evidence points to there not having been a transfer within 90 days before the filing of the petition. I take judicial notice that in *U.S. Bank as Trustee v. Wilson, et al.*, 2018 CA 001124 R(RP) in the Superior Court of the District

of Columbia, U.S. Bank sought foreclosure of its deed of trust lien with respect to Wilson's real property located at 3255 Fort Lincoln Drive, NE, Washington, D.C. (the "Property") and that in that action the following occurred.  U.S. Bank obtained on December 20, 2018, an Order and Decree of Sale authorizing a foreclosure sale of the Property to be held on U.S. Bank's behalf as holder of a lien on the Property; at a foreclosure sale auction on February 5, 2019, U.S. Bank was the highest bidder for the Property, having bid $434,579.98 for the Property; on March 11, 2019, the Superior Court ratified the sale; on March 12, 2019, a Trustee's Deed was executed transferring the Property to U.S. Bank.  I further take judicial notice that on March 13, 2019, the Trustee's Deed was recorded in the land records of the District of Columbia.  On May 31, 2019, the Superior Court entered its *Order Granting Motion to Ratify Accounting, Release the Bond, and Close the Case*.  That *Order* indicated that "as the accounting is in order and reasonable," the accounting was ratified.  The *Order* decreed that the foreclosure sale is final. Wilson's petition commencing the underlying bankruptcy case was commenced June 25, 2019, more than 90 days later than the foreclosure sale and the recording of the trustee's deed conveying title to U.S. Bank.

Plainly the payment to U.S. Bank of the net proceeds of the sale (the amount bid less the costs of sale) was a transfer "(1)

to or for the benefit of a creditor" and "(2) for or on account

of an antecedent debt owed by the debtor before such transfer was

made."  However, that transfer was not a preference under

§ 547(b) as it occurred more than 90 days before Wilson filed the

petition commencing the bankruptcy case.

The transfer of the Property to U.S. Bank as *the purchaser*

at the auction also occurred more than 90 days before the

petition date, and similarly cannot have been a preference even

if the transfer of the Property to it in its capacity of being

*the purchaser* at a regularly conducted foreclosure sale could be

deemed to be a transfer to it as *a creditor* on account of its

antecedent claim against Wilson.

### III

The foreclosure sale entailed a payment to U.S. Bank as the

creditor at whose behest the sale was held but also a transfer of

the Property to it as the purchaser by reason of having been the

highest bidder at the foreclosure sale.  Even if they had

occurred within 90 days of the filing of the petition, neither

the payment to U.S. Bank nor the transfer of the Property to U.S.

Bank as the purchaser is avoidable as preference for the

following reasons.

### A.

Regarding the payment to U.S. Bank arising from the

foreclosure sale, no non-conclusory allegations of fact are made

to demonstrate that U.S. Bank's lien was not perfected.  If the lien had not been perfected, the payment to U.S. Bank on account of its claim (if made within 90 days of the filing of the petition) could be avoided as a preference as in *Boberschmidt v. Society Nat'l Bank (In re Jones)*, 226 F.3d 917, 921 (7th Cir. 2000).

When a foreclosure sale was pursuant to a perfected lien, the payment of the creditor's claim from the proceeds of the foreclosure sale is not avoidable as a preference as the lien would be enforceable in the Chapter 7 case if the transfer had not occurred.  As required by 11 U.S.C. § 547(b)(5), a payment to a creditor from a foreclosure sale is a preference only if it enables the creditor to receive more than it would in a Chapter 7 case had the sale not occurred.  "Payments to a creditor who is fully secured are not preferential since the creditor would receive payment up to the full value of his collateral in a Chapter 7 liquidation."  *In re C-L Cartage Co., Inc.*, 899 F.2d 1490, 1493 (6th Cir. 1990).  The record is unclear whether the foreclosure sale was for the full amount owed to U.S. Bank, but the reasoning of *C-L Cartage* still applies even if the sale was for less than the amount of U.S. Bank's claim.  If the foreclosure sale had not occurred, then in a Chapter 7 bankruptcy case, U.S. Bank would have been entitled to receive the same amount if the Property were sold by the Chapter 7 trustee.

Accordingly, U.S. Bank was not enabled by its foreclosure sale to
obtain a greater payment than it would in a Chapter 7 case had
the foreclosure sale not occurred.  A payment to a lien creditor
out of its collateral cannot be preferential: if the sale had not
occurred, the creditor would be entitled in a Chapter 7 case to
enforce the lien against the collateral for the same amount.  The
claim for that amount was fully secured even if the balance of
its claim was unsecured, and the holding of *C-L Cartage* applies
to the receipt of that amount from the creditor's collateral.

                                        B.

     The transfer of the Property to U.S. Bank is also not
avoidable as a preference.  If U.S. Bank (or any other purchaser
at the foreclosure sale) had paid less than the Property was
worth, the bankruptcy estate may look to fraudulent conveyance
law as a possible remedy.  Any transfer of property of a debtor
to a foreclosure sale purchaser may be subject to avoidance under
11 U.S.C. § 548 as a fraudulent conveyance if the debtor received
less than "reasonably equivalent value" for the transfer.
However, as held in *BFP v. Resolution Tr. Corp.*, 511 U.S. 531,
545 (1994), "'reasonably equivalent value,' for foreclosed
property, is the price in fact received at a non-collusive
foreclosure sale, so long as all the requirements of the State's
foreclosure law have been complied with."  The foreclosure sale
here was ratified by the Superior Court as having been conducted

                                        9

in accordance with District of Columbia law.  It is thus not avoidable as a fraudulent conveyance.

The transfer of the Property is also not avoidable as a preference.  There would not be any preference if the Property had been bought by someone else for a bid of $1.00 more.  No preference should exist on the basis that U.S. Bank, by way of bidding in its claim, happened to turn out to be the highest bidder.

This follows because a transfer of a property to the holder of a perfected lien as the successful bidder at a regularly conducted foreclosure sale cannot be a preference: the transfer is to it as the *purchaser*, not in payment of its claim, and thus the transfer is not to it as *a creditor* "on account of" its antecedent claim as required by § 547(b)(2) for a preference to exist.  *Ehring v. Western Community Moneycenter (In re Ehring)*,

900 F.2d 184, 188-89 (9th Cir. 1990).[5]

It is thus irrelevant for purposes of § 547(b)(5) that U.S. Bank might be able to resell the Property for more than it paid as the purchaser of the Property at the foreclosure sale. The pertinent inquiry under § 547(b)(5) is the payment U.S. Bank received as a creditor incident to a regularly conducted foreclosure sale, not the value of the Property it acquired as the successful bidder at the foreclosure sale. *See Ehring*, 900 F.2d at 188-89.

Even if Wilson had alleged facts showing that U.S. Bank can sell the Property for more than it bid at the foreclosure sale; and even if, contrary to *Ehring*, 900 F.2d at 188-89, a transfer of property to a lienor as the successful bidder at a foreclosure sale can be deemed a transfer to it as a creditor on account of its antecedent claim, a preference would not exist. The courts

---

[5] *See also Glaser v. Chelec, Inc. (In re Glaser)*, No. 01-10220-SSM, 2002 WL 32375007, at *11 (Bankr. E.D. Va. Oct. 25, 2002), stating:

> the court agrees with *Ehring* that it would be incongruous to allow the avoidability of a real estate foreclosure to depend upon the identity of the purchaser. If a third party were the high bidder at a regularly conducted, non-collusive foreclosure sale of real estate, the sale could not be avoided as a fraudulent conveyance under BFP and also could not be avoided as a preference because the purchaser did not receive the property on account of an antecedent debt. That the high bidder happened to be the mortgage holder protecting its interest should not result in a different outcome.

are split on whether such a transfer of a property, when treated
as being on account of an antecedent debt, can be set aside as a
preference.  I agree with those courts that hold that the
policies underlying the reasoning in *BFP v. Resolution Trust
Corp.* (which dealt with a fraudulent conveyance claim, not a
preference claim) warrant treating the lienor as not having
received a preference if the foreclosure sale was for reasonably
equivalent value (and is thus not avoidable as a fraudulent
conveyance under 11 U.S.C. § 548).[6]  I decline to follow

---

[6]  *See Veltre v. Fifth Third Bank (In re Veltre)*, 562 B.R.
890, 893-94 (W.D. Pa. 2017), *aff'd*, No. CV 17-239, 2017 WL
3481077 (W.D. Pa. Aug. 14, 2017), *aff'd*, 732 F. App'x 171 (3d
Cir. 2018), cert. denied, 139 S. Ct. 1296 (2019); *RL Mgmt. Grp.,
LLC v. Jackson Cty. Treasurer (In re RL Mgmt. Grp., LLC)*, Adv.
Pro. No. 13-04843, 2014 WL 197692, at *6 (Bankr. E.D. Mich. Jan.
10, 2014); *Chase Manhattan Bank v. Pulcini (In re Pulcini)*, 261
B.R. 836, 844 (Bankr. W.D. Pa. 2001); *Newman v. FIBSA Forwarding,
Inc. (In re FIBSA Forwarding, Inc.)*, 230 B.R. 334 (Bankr. S.D.
Tex. 1999) ("To hold this foreclosure to be a preferential
transfer would create the same problems with state real property
title records that would have been created by classifying the
transaction as a fraudulent transfer.  Bankruptcy Code § 547 is
no more 'clear and manifest' to that end than Bankruptcy Code
§ 548."), *aff'd*, 244 B.R. 94 (S.D. Tex. 1999).  I note that there
may be reason to question whether a tax foreclosure sale deserves
the same protection accorded *BFP v. Resolution Tr. Corp.* to a
real estate mortgage foreclosure sale.  This case involves a
foreclosure sale incident to a real estate mortgage (in the form
of a deed of trust).

decisions to the contrary.[7]

IV

Wilson also challenges the validity of the foreclosure sale, but the Superior Court of the District of Columbia has adjudicated the validity of the foreclosure sale in a final judgment that is binding on this court as a matter of *res judicata* as explained below.  The Superior Court issued an order ratifying the sale,[8] and then, on May 31, 2019, its *Order Granting Motion to Ratify Accounting, Release the Bond, and Close the Case*.  That latter *Order*, clearly indicating that the case was concluded by the order, was a final judgment for purposes of appeal under Superior Court Civil Rule 58 (the analog of Fed. R. Civ. P. 58).  The perfunctory recitation in the *Order* that the

---

[7] *See Whittle Dev. Inc. v. Branch Banking & Trust Co., (In re Whittle Dev., Inc.)*, 463 B.R. 796, 802-03 (Bankr. N.D. Tex. 2011) ("[I]f a creditor executes on secured property and obtains the property for what is found to be less than what it would have garnered in a hypothetical liquidation, then the transfer may be avoided under the plain meaning of section 547(b)."); *Villarreal v. Showalter (In re Villarreal)*, 413 B.R. 633 (Bankr. S.D. Tex. 2009); *Rambo v. Chase Manhattan Mtg. Corp. (In re Rambo)*, 297 B.R. 418 (Bankr. E.D. Pa. 2003); *Norwest Bank Minn., N.A. v. Andrews (In re Andrews)*, 262 B.R. 299, 306 (Bankr. M.D. Pa. 2001).

[8] The ratification of the sale was not made on a separate document, separate from the Superior Court's legal reasoning, as required by Superior Court Civil Rule 58 (the analog of Fed. R. Civ. P. 58) in order for an order to be a final judgment. Moreover, the ratification of the sale still left the claim for ratification of an accounting to be decided.  I assume that so long as an accounting had not been ratified, Superior Court Civil Rule 54(b), the analog of Fed. R. Civ. P. 54(b), would require treating the ratification of the sale as a non-final order.

accounting was in order and reasonable, a recitation that was implicit in upholding the accounting (even if there had been no such recitation), does not violate the separate document requirement of Rule 58: it contains no reasoning as to why the accounting was in order and reasonable.  That the *Order* was intended to be a final judgment is obvious because the title of the judgment (*Order Granting Motion to Ratify Accounting, Release the Bond, and Close the Case*) makes clear that the judgment was intended to be a final adjudication closing the case and making the foreclosure sale final.  The *Order* satisfied the separate document rule.  *See Hughes v. Halifax Cty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987) ("[A]n order unaccompanied by a long explanation is likely to be considered a judgment [under Rule 58]." (internal quotation marks omitted).  *See also Kidd v. District of Columbia*, 206 F.3d 35 (D.C. Cir. 2000), *cert. denied*, 531 U.S. 1071 (2001) (order was sufficiently terse to satisfy Rule 58).

Wilson herself has treated the *Order* as a final appealable judgment because she later filed a motion seeking relief from the *Order* under Superior Court Civil Rule 60.  On July 17, 2019, she filed in the Superior Court civil action a *Motion to Strike and Dismiss Due to Fraud Upon the Court, Mandatory Counterclaim* ("*Motion to Strike*"), raising at page 5 a request under Superior Court Civil Rule 60 for relief from the *Order*.  The Superior

14

Court denied the *Motion to Strike* by an *Omnibus Order* entered on August 28, 2020.

As a final judgment, the *Order* of May 31, 2019, is binding on this court as a matter of *res judicata* (claim preclusion). This Court must give a District of Columbia judgment full faith and credit pursuant to 28 U.S.C. § 1738. *See Stanton v. D. C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). The doctrine of *res judicata* operates to bar in the second action not only claims which were actually raised in the first, but also those arising out of the same transaction which could have been raised. *Molovinsky v. Monterey Coop., Inc.*, 689 A.2d 531, 533 (D.C.1997). The doctrine thus bars Wilson's attempts to invalidate the foreclosure sale.

Even if the *Order* was not a final judgment, it would make no difference:

- At this juncture the sale is a ratified sale, and if it remains a ratified sale, there was no preferential transfer for reasons already discussed. If the Superior Court's *Order* were set aside and the sale is set aside, no transfer would have occurred. Without any transfer, there could not be a preference.

- If the *Order* was not a final judgment, and Wilson continues to seek in this court to invalidate the foreclosure sale, this court would abstain pursuant to

15

28 U.S.C. § 1334(c)(1) from hearing whether the foreclosure sale was valid, a matter already heard in the Superior Court, the more appropriate forum for adjudicating the issue of the validity of the foreclosure sale.  And, again, if the Superior Court upholds its prior ratification of the sale, no preference will have occurred for reasons already discussed, and if it sets aside the sale, there will not have been a transfer.

V

For all of these reasons, a judgment follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing), recipients of e-notifications of orders.